```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
ADAM REED,                         :
                                   :
            Petitioner,            :   Civ. No. 20-11523 (NLH)
                                   :
     v.                            :   **MEMORANDUM OPINION & ORDER**
                                   :        **DENYING SEAL**
                                   :
BRUCE DAVIS,                       :
                                   :
            Respondent.            :
_____:
```

APPEARANCES:

Adam Reed
313270-C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Linda A. Shashoua, Acting Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

    Attorneys for Respondent

HILLMAN, District Judge

    WHEREAS, Petitioner Adam Reed filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Camden County convictions, see ECF No. 1; and

    WHEREAS, Respondent filed a motion to seal Exhibit Ra38 to its answer, docketed at ECF No. 10, under Local Civil Rule 5.3, see ECF No. 8; and

WHEREAS, Respondent asserts "Exhibit Ra38 in Respondents' appendix contains Petitioner's 'Confidential Appendix' filed before the Appellate Division under seal, and included as part of the state court record.  This exhibit exclusively contains the confidential medical records of the Petitioner." Id. at 4; and

WHEREAS, "the relevant court rules and governing law contemplate that a criminal defendant's medical records should remain confidential rather than become part of the public record, Respondents urge this Court to seal Exhibit Ra38 for purposes of the within proceeding." Id. at 8; and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and

serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted); and

WHEREAS, the Court first notes that the exhibit does not contain Petitioner's medical records despite Respondent's representation. Instead, it appears to contain the medical records of the law enforcement officers involved in Petitioner's arrest, see generally ECF No. 10; and

WHEREAS, secondly, the motion fails to comply with Local Civil Rule 5.3 by addressing all the required factors:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted;

(d) why a less restrictive alternative to the relief sought is not available;

(e) any prior order sealing the same materials in the pending action; and

(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3); and

WHEREAS, the Court will deny the motion to seal as Respondent has not set forth a valid reason to seal the medical records. However, the Court will maintain the exhibit under a

3

temporary seal to give Respondent an opportunity to refile its motion; and

WHEREAS, if Respondent wants to maintain that exhibit under seal, it must file a new motion that complies with Local Civil Rule 5.3 within 14 days from the date of this order. If no motion to seal is filed within that time the Court will issue an order unsealing Exhibit Ra38,

THEREFORE, IT IS on this   21st    day of  June    , 2021

ORDERED that Respondent's motion to seal Exhibit Ra38, ECF No. 8, is denied without prejudice; and it is further

ORDERED that the Clerk shall maintain the documents filed at Docket Number 10 under a temporary seal pending further order by the Court; and it is further

ORDERED that within 14 days from the date of this order, Respondent must file a new motion to seal under Local Civil Rule 5.3 if it wants to maintain that exhibit under seal; and it is finally

ORDERED that the Clerk shall send Petitioner a copy of this Order by regular mail.


At Camden, New Jersey

  s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.