```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ADAM REED, | : |
| Petitioner, | : Civ. No. 20-11523 (NLH) |
| v. | : **MEMORANDUM OPINION & ORDER** |
|  | :     **SEALING EXHIBIT** |
| BRUCE DAVIS, | : |
| Respondent. | : |

APPEARANCES:

Adam Reed
313270-C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Linda A. Shashoua, Acting Assistant Prosecutor
Office of the County Prosecutor
200 Federal Street
Camden, NJ 08103

    Attorneys for Respondent

HILLMAN, District Judge

    WHEREAS, Petitioner Adam Reed filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Camden County convictions, see ECF No. 1; and

    WHEREAS, Respondent filed a motion to seal Exhibit Ra38 to its answer, docketed at ECF No. 10, under Local Civil Rule 5.3, see ECF No. 8; and

WHEREAS, the Court initially denied the motion to seal as the motion did not comply with Local Civil Rule 5.3's requirement to address the relevant factors, ECF No. 14; and

WHEREAS, the Court maintained the exhibit under temporary seal and permitted Respondent to file an amended motion, id.; and

WHEREAS, Respondent has filed an amended motion to seal its Exhibit Ra38, ECF No. 15; and

WHEREAS, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records.  The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted); and

WHEREAS, a party seeking to seal portions of the judicial record from public view "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted); and

2

WHEREAS, Respondent seeks to seal the medical records of officers who were injured during Petitioner's arrest. The records include medical history, treatment notes, doctor-patient communications, and prescriptions, see ECF No. 15; and

WHEREAS, Petitioner was charged and convicted of assaulting the officers during his arrest and challenged trial counsel's alleged failure to cross-examine the officers about their records in his post-conviction relief proceedings. ECF No. 7-44 at 25-27. The records were originally submitted to the New Jersey Superior Court, Appellate Division as part of Petitioner's confidential appendix. However, he does not raise a federal habeas claim on this issue, so the records have limited relevance to Petitioner's claims; and

WHEREAS, as individuals and crime victims, the officers have legitimate privacy interests in maintaining their medical records under seal. See Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information...."). "There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980). The officers' right not to have their "private affairs made public by the

3

government" would be violated if these records were made widely available.  Id.; and

WHEREAS, a less restrictive alternative is not available. The officers' identities are part of the trial record and they testified as to their injuries, but the records contain medical information beyond the injuries sustained during Petitioner's arrest.  Even if the names were redacted from the records, it would be possible for someone to use the publicly accessible information to deduce which records belong to each officer; and

WHEREAS, the records were sealed without objection by the state courts, ECF No. 15-2 at 9; and

WHEREAS, Petitioner has not objected to Respondent's request to seal the records; and

WHEREAS, Respondents only seek to seal this one exhibit; the remainder of the answer and exhibits remain publicly accessible on the Court's docket.  Petitioner also does not raise a constitutional claim based on the medical records, so sealing this single exhibit will not unduly prejudice his right to have this Court's review of his habeas petition be open to the public.  Moreover, the public state court record contains the substance of the records without compromising the otherwise confidential information contained in the medical records,

THEREFORE, IT IS on this 24th day of January , 2022

4

ORDERED that Respondent's motion to seal Exhibit Ra38, ECF No. 15, shall be, and the same hereby is, granted; and it is further

ORDERED that the Clerk shall maintain the documents filed at Docket Number 10 under seal;

ORDERED that the Court retains the authority, after notice, of unsealing sealed materials or to refer to their content if necessary for a public adjudication of claims and defenses in this matter; and it is finally

ORDERED that the Clerk shall send Petitioner a copy of this Order by regular mail.

At Camden, New Jersey             s/ Noel L. Hillman  
                                       NOEL L. HILLMAN, U.S.D.J.